GLICKSTEIN, Judge,
dissenting:
I respectfully dissent.
There is a material difference in the statutes governing escape by juveniles and adults.
Section 39.112, Florida Statutes (1979), says:
An escape from any training school or secure detention facility maintained for the treatment, rehabilitation, or detention of children, who are alleged or found to have committed delinquent acts or violations of law constitutes escape within the intent and meaning of s. 944.40 and is a felony in the third degree.
Section 944.40, Florida Statutes (1979), says:
Any prisoner confined in any prison, jail, road camp, or other penal institution, state, county, or municipal, working upon the public roads, or being transported to or from a place of confinement who escapes or attempts to escape from such confinement shall be guilty of a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 755.084. The punishment of imprisonment imposed under this section shall run consecutive to any former sentence imposed upon any prisoner.
In the present case the state appeals from the trial court’s dismissal of Count I of the amended information which charges appel-lees with being accessories after the fact to the escape of a juvenile. The trial court found that the juvenile’s flight from custody while being transported from the juvenile detention center to a court-appointed psychiatric evaluation did not constitute an escape within the language of Section 39.-112, Florida Statutes (1979); therefore, ap-pellees could not be accessories to non-prohibited conduct. I concur and would affirm. Any change in the relevant statute must come from the legislature.